IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA R. SALAZAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-451-L |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Debra R. Salazar ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the cause remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings in March, 2002, by protectively filing claims for disability insurance benefits and supplemental security income payments, alleging that an imperforate anus[1] with resulting loss of bowel control, along with depression and

---

[1] An "[i]mperforate anus is a congenital absence or obstruction of the anal opening. . . . Imperforate anus is a malformation of the anorectal region that may occur in several forms. The rectum may end in a blind pouch that does not connect with the colon. Or, it may have openings to the urethra, bladder, base of penis or scrotum in boys, or vagina in girls. A condition of stenosis (narrowing) of the anus or absence of the anus may be present." *See* http://www.nlm.nih.gov/medlineplus/ency/article/001147.htm. Plaintiff

post traumatic stress disorder became disabling as of February 20, 2002 [Tr. 28, 51, 53 - 56, 76 and 156 - 158]. Plaintiff's claims were denied; she subsequently sought and received a de novo hearing before an administrative law judge ("ALJ") in August, 2003 [Tr. 25- 27, 30 - 31, 32, 160 - 161, 163 - 164 and 165 - 190]. In his October, 2003, hearing decision, the ALJ found that Plaintiff was not disabled as she retained the capacity to perform her past relevant work as well as other light and sedentary work in the national economy [Tr. 12 - 21]. In February, 2004, the Appeals Council of the Social Security Administration denied Plaintiff's request for review, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 4 - 6].

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). However, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is far from superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial

---

explained in her disability filings that "[b]eing born the way I was, I had to have surgery when I was 2 wk. old [and] until then my waste was coming out my vagina, [and] the anus opening being man made therefore I have no sphincter, the muscle that controls waste from coming out." [Tr. 83].

evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). In this case, the ALJ determined that Plaintiff could perform her past relevant work and well as other light and sedentary work in the national economy.

**Plaintiff's Contentions**

Plaintiff claims, first, that the ALJ did not properly assess Plaintiff's subjective complaints concerning her reported symptoms and functional limitations. Second, Plaintiff maintains that the ALJ failed to adequately develop the record with respect to

3

Plaintiff's impairments, particularly her imperforate anus and resulting functional restrictions as well as her mental impairment. Finally, Plaintiff argues that the ALJ improperly disregarded the testimony of the vocational expert that Plaintiff was disabled.

**Analysis of the ALJ's Decision**

The ALJ determined that Plaintiff – forty-eight years old with a General Equivalency Diploma and with past work experience as a data entry clerk, a convenience store clerk and a file clerk – was severely impaired by a birth anomaly of an imperforate anus, by depression and by post traumatic stress disorder [Tr. 14, 15 and 20]. The very limited medical evidence of record consists of seven pages of treatment notes from the Tri City Family Clinic reflecting treatment for a bee sting and for depression, a condition which was reported as improving with Zoloft [Tr. 15 and 105 - 111]. The only other objective medical evidence of record is the report of a mental status examination conducted at the request of Disability Determination Services by Robert Danaher, a clinical psychologist, in June, 2002 [Tr. 112 - 117].

The ALJ noted the following from Dr. Danaher's report: Plaintiff was brought to the examination by a friend because she currently had no driver's license as a result of a DUI earlier in the year; she gave a brief medical history revealing that she had a physical anomaly related to the formation of her genitals from birth, a condition she described as causing her significant difficulties with interpersonal relationships as well as her mental and emotional functioning; she had been treated for symptoms of depression since March of 2002; her symptoms were depressed mood, episodes of tearfulness, loss of interest in activities, and difficulties with attention and concentration;

she had thought of suicide multiple times and had attempted suicide twice, with the last attempt in February, 2002; her current medications and treatment helped but she continued to describe difficulties with disturbed sleep and hopelessness for the future; she had a loss of interest in activities and stated she had no desires or goals; she stated she was sixteen years of age when she was raped; she was placed in foster homes where she was abused, and she said that she had blocked out many of the bad memories and nightmares of abuse as a child [Tr. 16 and 112 - 117].

The ALJ continued by noting other observations in Dr. Danaher's report: Plaintiff described her physical abnormality of not having an anus when she was born and of an anus being created; she stated that she had no control over her bowel functioning; she must wear diapers and this results in significant limitations in her ability to function; she was offered counseling services at the Chisholm Trail Mental Health Center but had no transportation; she was currently living with a roommate, a former husband and father of her almost twenty-nine year old son; her roommate/former husband had a girl friend, but she had learned to live with this kind of arrangement; she stated that she had been married six times, and she would drink when depressed but had not had a desire to drink since she has began taking Zoloft. *Id.*

Dr. Danaher found that Plaintiff had a good general fund of information; she had sustained attention and concentration capabilities; she was able to complete the tasks given to her by the examiner; she was able to solve math problems without difficulty; she was able to identify similarities and differences between various objects, and her judgment was considered basically normal. *Id.* Dr. Danaher's impression was major

depression, recurrent moderate severity, in early remission; post traumatic stress disorder, and bowel functioning difficulties, no anal sphincter muscles, by history. *Id.*

After reviewing the findings of the State Agency physicians and medical consultants, the ALJ recited the testimony given by Plaintiff at her hearing: she was born without an anus; she was disabled due to depression with a GAF score of 45; she last worked at a convenience store and had bowel accidents which required her to leave work to clean herself; she must shower and change clothes frequently due to this condition; she stated that she has felt like a freak most of her life due to this condition; she was first treated for depression when she was in her twenties and did not have psychological treatment available; she went to the Hope Center for counseling in 1996 after a suicide attempt; she reported a problem with poor memory as well as problems with crying a lot, pulling her hair and hitting herself on her legs; she reported paranoia due to post traumatic stress disorder from her past rape and abuse; she reported sleeping difficulties; she stated that she had no social activities and that she stayed at home most of the time; she had no income; she had no driver's license, and she was living with a roommate who was a former husband [Tr. 17].

The ALJ next turned to the assessment of Plaintiff's residual functional capacity, that is, Plaintiff's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis [Tr. 18]. The ALJ noted that in making his assessment, he had considered the effects of Plaintiff's non-exertional limitations of pain, finding as follows:

> The claimant has stated that she has pain in her anus and genitals. However, the claimant has lived with this condition for many years. The

claimant's physical condition did not prevent her from hauling hay, which is a physically heavy work for a woman. The claimant states she has self medicated with alcohol at times during depression. Her mental problems have not reached the severity of a listed impairment. Her treating physician has stated she is improving on the medications. The undersigned also notes the claimant did not submit any documented proof with evidence to prove that she has been disabled. The claimant submitted only one medical treatment from the Tri City Family Physician's from August 3, 2000 through May 8, 2002. There is a history of two suicidal attempts, but this medical information is from a history of the claimant as there are no evidences in the claimant's file of hospitalizations or treatment. The undersigned also notes that the State Agency physicians carefully studied the claimant's file and they did not find evidence of a severity of limitations as alleged by the claimant and rated the evidence presented as "non-severe." Therefore, the undersigned determines that the claimant could perform light and sedentary work.

*Id.*

The ALJ continued:

The undersigned has carefully considered the medical evidence of record and listened to the claimant's testimony. The claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of the medical history, the reports from treating physicians, and the examining physicians. The claimant has impairments that are reasonably expected to produce the type of symptomatology she alleges, but her complaints suggest a greater severity of impairments than can be shown by the objective medical evidence alone. The State Agency physicians also stated that the claimant's impairments were not of the severity as alleged. She is able to do normal housework, able to maintain her checkbook; she is able to shop as long as she can be around a restroom. She was performing very heavy physical labor when she was hauling bales of hay. The undersigned agrees with the State Agency that the claimant can perform simple routine tasks and maintain attention within the customary tolerances. She is able to interact appropriately with coworkers and supervisors, and could adapt to a work setting. The undersigned concludes that the claimant is able to perform her past relevant work and other work in the region and national economy as described by the vocational expert.

[Tr. 19].

Consequently, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act [Tr. 20].

Plaintiff's primary contention is that having found that Plaintiff was severely impaired by a congenital imperforate anus [Tr. 20], the ALJ failed to properly address and evaluate Plaintiff's chief subjective symptom and functional limitation arising from such impairment – fecal incontinence.  In reciting Plaintiff's testimony at the administrative hearing, the ALJ noted Plaintiff's statement that during her last employment as a convenience store clerk, she had bowel accidents that necessitated having to leave work to clean herself [Tr. 17].  Plaintiff has consistently maintained that her lifelong lack of bowel control – a symptom of imperforate bowel repair which she claims has worsened with age – and the resulting need to repeatedly leave her job in order to shower/cleanse herself, is the cause of her inability to work [Tr. 65, 66, 76, 83, 103, 113, 114, 130, 146, 152, 160, 168, 169, 170, 171, 172 and 175]. Nonetheless, in evaluating Plaintiff's subjective complaints for purposes of an RFC assessment, the ALJ referenced only Plaintiff's testimony that she had "pain in her anus and genitals" [Tr. 18] and failed to mention her primary complaint of incontinence.

Plaintiff correctly argues that the applicable regulations require the adjudicator to first determine whether or not there exists a medically determinable impairment or combination of impairments capable of producing symptoms of the sort alleged by Plaintiff.  *See* 20 C.F.R. §§ 404.1529 (b) and 416.929 (b).  Here, the ALJ found that Plaintiff was severely impaired by a congenital imperforate anus but then made reference

to only one of Plaintiff's symptoms allegedly produced by the impairment – pain – and made no mention of incontinence.

It is possible that the ALJ determined that Plaintiff had not met her burden of establishing that an imperforate anus could result in fecal incontinence but, if that is the case, the record is silent on the point and, consequently, cannot be reviewed.[2]  It is equally possible that the ALJ, having determined that Plaintiff had established the requisite nexus between her impairment and the symptom of fecal incontinence, proceeded to the next regulatory step and evaluated how Plaintiff's symptoms limited her capacity for work.  *See* 20 C.F.R. §§ 404.1529 (c) and 416.929 (c). At this stage, "[i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms.  The adjudicator must then make a finding on the credibility of the individual's statements about symptoms and their functional effects." Social Security Ruling 96-7p, 1996 WL 374186, at *4.  It is possible that the ALJ dismissed Plaintiff's claim of disabling fecal incontinence – as he did Plaintiff's symptoms of pain resulting from the imperforate anus impairment –  on the theory that Plaintiff had lived and worked with the impairment for many years, discounting, on credibility grounds, Plaintiff's testimony that the incontinence had worsened as she aged. Once again,

---

[2]Medical literature suggests that lifelong incontinence is possible following surgery to correct an imperforate anus. "Surgical reconstruction of the anus is required. . . . The outcome is usually good with treatment, depending on the exact anatomy of the birth defect. Some affected infants may never develop adequate bowel control, depending on the location of the defect."  *See* http://www.nlm.nih.gov/medlineplus/ency/article/001147.htm.

however, the record is silent as to any rationale by the ALJ and is, accordingly, is not susceptible to review on appeal. The Commissioner is clear on the need for particularized findings on credibility:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

*Id.*

In short, it is impossible to determine from the ALJ's decision whether or not he properly evaluated a central issue in this case – Plaintiff's alleged worsening fecal incontinence – and the decision must be reversed and the matter remanded for further proceedings. On remand, the Commissioner will have the opportunity to consider whether a consultative physical examination of Plaintiff would provide the adjudicator with medical evidence necessary to reach an informed determination. Because remand is required on this ground, it is not necessary to reach the remaining issues raised by Plaintiff.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that this matter be reversed and remanded. The parties are advised of their right to object to this Report and Recommendation by July 18, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and

legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

    ENTERED this 28th day of June, 2005.

                                */s/ Bana Roberts*
                                BANA ROBERTS
                                UNITED STATES MAGISTRATE JUDGE